IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GERALD WAYNE GEORGE | § | |
| v. | § | CIVIL ACTION NO. 6:08cv74 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Gerald Wayne George, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

George was convicted of aggravated robbery in the county court of Panola County on October 6, 1997, receiving a sentence of 40 years in prison. He previously sought federal habeas corpus relief on this conviction, but his first petition, styled <u>George v. Director, TDCJ</u>, civil action no. 6:06cv385 (E.D.Tex.), was dismissed as barred by the statute of limitations on October 16, 2006. George filed a notice of appeal, but this notice was untimely and his appeal was dismissed by the Fifth Circuit for this reason.

In his present petition, George says that he has "newly discovered evidence," in the form of a letter from the Louisiana Department of Public Safety and Corrections, saying that there is no provision in Louisiana law allowing a Louisiana state parole violation to run concurrently with a sentence from Texas. Based on this letter, George argues that he received ineffective assistance of counsel in that his attorney did not know that a Texas sentence could not run concurrently with one from Louisiana; he says that his plea agreement, which provided for a concurrent sentence, was

1

thereby breached. George also says that the trial court lacked jurisdiction because Panola County has a criminal district court and so the county court lacked jurisdiction over felony offenses.

After review of the pleadings, the Magistrate Judge issued a Report on March 14, 2008, recommending that the petition be dismissed as successive, based on the fact that George had previously sought habeas corpus relief on this same petition. George filed objections to the Magistrate Judge's Report on March 26, 2008.

In his objections, George says that his petition is not successive because his first petition was dismissed as time-barred, which he says is not an adjudication on the merits. He cites National Park Hospitality Association v. Department of the Interior, 538 U.S. 803 (2003), a case which explains that the ripeness doctrine means that courts are to avoid premature adjudication of abstract disagreements, and Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999), which he says holds that when a *pro se* habeas corpus petition is dismissed as time-barred, a later one is not "second or successive" because the first one was not an adjudication on the merits. In his case, he says, his newly discovered evidence triggers the doctrine of "ripeness" and so his limitations period begins to run at the time that his claim is ripe.

George is incorrect in his assertion as to what the Fifth Circuit held in Graham. That case did not even mention having a prior petition dismissed as barred by limitations, but concerned the question of whether Graham's fourth federal habeas petition was simply a continuation of his third one, which was filed before the enactment of the statute of limitations, a question which the Fifth Circuit answered in the negative.

Contrary to George's contention, the courts have uniformly held that dismissals based on the statute of limitations, being with prejudice, are in effect adjudications on the merits, even though they do not include examinations of the merits of the underlying substantive claims presented in the petition. *See, e.g.*, Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S. 871 (1972) (holding that "a ruling based on the statute of limitations is a ruling on the merits for *res judicata* purposes"); Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 880 F.2d 818, 819-

20 (5th Cir. 1989). This is true in cases specifically concerning the habeas corpus statute of limitations. Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir. 2003); Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). As a result, a petition filed subsequently to one which is dismissed with prejudice because of the statute of limitations is considered successive. Middleton v. Cain, slip op. no. 07-0706 (M.D.La., July 19, 2007) (unpublished) (available on WESTLAW at 2007 WL 2081003); Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003).

This contrasts with cases in which prior habeas petitions are dismissed *without* prejudice, as for example where state remedies have not been exhausted. In such cases, the later petition is not considered successive. Slack v. McDaniel, 529 U.S. 473, 486 (2000). However, that condition does not exist in this case; rather, George's prior petition was dismissed *with* prejudice, rendering it an adjudication on the merits; the fact that this dismissal was based upon the expiration of the statute of limitations, rather than an examination of the underlying claims, does not change this result.

George contends that he has "newly discovered evidence" which has rendered his claims "not ripe" until now. His argument is essentially that the limitations dismissal should not apply to this evidence, being newly discovered, and that his second petition, which raises the issue of this evidence, should not be considered successive. Because the second petition is successive, however, the question of this newly discovered evidence is one which should be presented to the Fifth Circuit Court of Appeals, in a request for leave to file a successive petition. Should the Fifth Circuit grant such permission, George will be allowed to pursue his claims regarding this newly discovered evidence in the district court. Until George receives such permission, though, the district court lacks jurisdiction to consider his claims. Crone v. Cockrell, 324 F.3d 833, 838 (5th Cir. 2003). George's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and brief in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon

such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon receipt of leave by the Petitioner Gerald George from the Fifth Circuit Court of Appeals to file a successive petition.  It is further

ORDERED that the Petitioner Gerald George is hereby DENIED a certificate of appealability *sua sponte*.  The denial of the certificate of appealability shall have no effect upon George's right to seek leave from the Fifth Circuit Court of Appeals to file a successive petition.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 2nd day of April, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**